**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

—————————————————————————
Lido Music, Inc., *et al.*,                    )
                                               )
                      **Plaintiffs,**          )
                                               )
          **v.**                               )        **Case No. 1:08-cv-00506 (ESH)**
                                               )
**Guards, Inc. and**                           )
**Hossein Shirvani**                           )
                                               )
                                               )
                      **Defendants.**          )
—————————————————————————  )

**JOINT STATEMENT PURSUANT TO LOCAL CIVIL RULE 16.3**

Pursuant to Local Civil Rule (LCvR) 16.3, undersigned counsel for the parties met

by telephone on April 23, 2008. They jointly submit the following statement concerning the

matters listed in LCvR 16.3:

> **1.    Whether the case is likely to be disposed of by dispositive motion; and
> whether, if a dispositive motion has already been filed, the parties
> should recommend to the court that discovery or other matters should
> await a decision on the motion.**

The parties agree that this case may be disposed of by dispositive motion.

> **2.    The date by which any other parties shall be joined or the pleadings
> amended, and whether some or all of the factual or legal issues can be
> agreed upon or narrowed.**

The parties agree that joinder of other parties and amendments to the pleadings, if

any, should have been accomplished at the time an answer to the complaint was due, but

without prejudice to the parties' opportunity to move to amend the pleadings or join parties

later should discovery make that appropriate.  The parties agree that the factual or legal

issues involved in this action cannot be agreed upon or narrowed at this point in the litigation.

**3.    Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The Plaintiffs believe that the case should not be assigned to a magistrate judge for all purposes; however, the Plaintiffs agree that, if necessary, the case may be assigned to a magistrate judge for the resolution of discovery disputes.

The Defendants have no objection to assigning the case to a magistrate judge for all purposes including trial.

**4.    Whether there is a realistic possibility of settling the case.**

Neither party is opposed to settling this action.  The Plaintiffs are prepared to enter into settlement discussions immediately.  The Defendants believe settlement discussions are appropriate after some discovery has been completed.

**5.    Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures or some other form of alternative dispute resolution.  And if so, which procedure should be used and whether discovery should be stayed or limited pending completion of ADR.**

The Plaintiffs believe that ADR would not be useful at this time.  Defendants believe that ADR would be useful after 90 days of discovery.

**6.    Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

The parties agree that dispositive motions, if any, should be filed no later than four weeks after the completion of expert discovery.  While opposition and reply dates will depend on the scope and complexity of any dispositive motion, the parties suggest that

oppositions should be due within 20 days following the filing of a motion, and replies, if any, should be due 14 days thereafter.

**7.    Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

Plaintiffs are in favor of the initial disclosures required by Rule 26(a)(1). Defendants are willing to dispense with the initial disclosures.

**8.    The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

a.    Plaintiffs and Defendants agree that all written discovery and deposition discovery should be complete within four (4) months following the entry of a scheduling order.

b.    Expert discovery in accordance with the response to Item No. 9 below.

c.    The parties agree that any party would be free to move this Court for an order extending or modifying the discovery schedule if scheduling, travel and related logistics make that appropriate.

d.    The parties agree that there is at present no need for a protective order; however, they reserve their right to apply for such an order at a later date.

9.      **Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

Neither party anticipates it will rely on expert testimony, however, the parties reserve the right to move the Court for an appropriate order to govern the exchange of expert witness reports and the depositions of experts.

10.     **In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not applicable.

11.     **Whether the trial and/or discovery should be bifurcated or managed in phases and a specific proposal for such bifurcation.**

The parties agree that trial bifurcation is not appropriate.

12.     **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties agree that the pretrial conference should be held within 30 days after the Court's decision on post-discovery dispositive motions, if any.  If no dispositive motions are filed, the parties agree that the pretrial conference should be held within 30 days after the close of all discovery.

13.     **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties agree that a trial date should be set at the pretrial conference.

14.    **Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

The parties agree that all such matters are included in the parties' proposed scheduling order.

15.    **Issues Relating to the Discovery of Electronically Stored Information.**

The parties do not believe that e-discovery will be a significant issue in this case. The parties agree to produce to each other discoverable electronically stored information in hard copy format.  Should either party wish to obtain electronically stored information in any other format the party will first confer with the opposing party and explain the need for the alternate format in order to attempt to resolve the issue.  Should the parties be unable to resolve the matter they will seek the Court's guidance.

16.    **Brief Statement of the Case and the statutory basis for all causes of action and defenses.**

Plaintiffs' Statement

Plaintiffs have brought claims of copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, against Defendants based upon the unauthorized public performance of Plaintiffs' copyrighted musical compositions performed by a disc jockey playing compact disks and by other mechanical recording means at Defendants' establishment known as The Guards/Griffin Room located at 2915 M Street, N.W. in Washington, in the District of Columbia.

Plaintiffs are the owners of the copyrights in the five songs listed on Schedule "A" to the Complaint in this action. Plaintiffs also are members of the American Society of Composers, Authors and Publishers ("ASCAP") to which they have granted a non-exclusive right to license non-dramatic public performances of their copyrighted musical compositions.

On behalf of Plaintiffs and its more that 300,000 members, ASCAP licenses thousands of music users, including radio and television networks, commercial radio and television stations, restaurants, nightclubs and other establishments whose owners desire to lawfully perform copyrighted musical compositions in the ASCAP repertory. Occasionally, however, music users such as Defendants perform copyrighted works without an ASCAP license or permission of the copyright owners. When this occurs ASCAP members institute copyright infringement actions such as this case.[1]

Beginning in September 2004, ASCAP made numerous efforts to persuade Defendants to obtain an ASCAP license. As a result, Defendants were fully apprised by ASCAP representatives of their obligation to obtain permission to perform copyrighted music – either by license from ASCAP or directly from ASCAP's members – but had no such permission when the infringing performances occurred. Specifically, on the night of November 17-18, 2007 Plaintiffs' songs identified on Schedule A were performed, for the entertainment and amusement of the patrons, without authorization at the establishment known as The Guards/Griffin Room. Defendants threaten to continue such infringing performances.

---

[1] For a detailed description of how ASCAP functions, see *Broadcast Music, Inc. v. Columbia Broadcasting Systems*, 441 U.S. 1 (1979) and *International Korwin Corp. v. Kowalczyk*, 855 F.2d 375,376

On the dates of the infringing performances, Defendant Hossein Shirvani was and still is the President of Defendant Guards, Inc, with primary responsibility for the control, management, operation and maintenance of the affairs of the establishment. The legal issues in this case include whether Plaintiffs own valid copyrights in the songs in suit; whether Defendants publicly performed the Plaintiffs' songs and are infringers; and the appropriate relief to be awarded – specifically, the suitable injunctive relief and the proper amount of statutory damages and costs, including attorneys' fees.

The Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, and the federal case law relating to the Copyright Act are applicable to this action. In particular, Plaintiffs seek the following remedies under the Copyright Act: an injunction prohibiting further unauthorized performances of copyrighted music (17 U.S.C. § 502(a)); statutory damages for each infringing performance (17 U.S.C. § 504 (c)); and costs including a reasonable attorneys' fees award (17 U.S.C. § 505).

Defendants' Statement

Defendants require proof of Plaintiffs' allegations.

(..continued)
n.1 (7th Cir. 1988).

Dated: May 5, 2008

Jointly and respectfully submitted,


____/s/ Benjamin L. Zelenko_____

Benjamin L. Zelenko (#154088)
Manuel S. Varela (#461331)
BAACH ROBINSON & LEWIS, PLLC
1201 F Street, N.W.
Suite 500
Washington, D.C. 20004
(202) 833-8900

Counsel for Plaintiffs

_____/s/ David F. Grimaldi_____

David F. Grimaldi (#005306)
MARTELL, DONNELLY, GRIMALDI &
GALLAGHER
1900 I Street, N.W.
Suite 401
Washington, D.C. 20036
(202) 293-0830

Counsel for Defendants

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| **Lido Music, Inc., _et al.,_** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )    **Case No. 1:08-cv-00506 (ESH)** |
| | ) |
| **Guards, Inc. and** | ) |
| **Hossein Shirvani** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

_____ )

**PROPOSED SCHEDULING ORDER**

Pursuant to the Joint Statement filed by the parties under Local Rule 16.3 and in accordance with Rule 16(b) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that:

(1)    The parties agree that other claims or parties should have been joined at the time an answer to the Complaint was due, but have reserved the right to move for amendment of the pleadings should discovery make that appropriate;

(2)    Discovery will be referred to a magistrate judge; Plaintiffs do not agree to have this case referred to a magistrate judge for all purposes, including trial;

(3)    Plaintiffs have not consented to Alternative Dispute Resolution;    the parties will engage in settlement discussions in the near future;

(4)    The parties are/are not subject to the initial disclosure requirements of Fed.R.Civ.P. 26(a)(1) and LCvR 26;

(5)    Discovery, both fact and expert, shall terminate four (4) months from the date of this Order.

(6)    The parties shall coordinate the exchange of information regarding expert witnesses under Rule 26(a)(2).  Absent a request by either party, the Court will not set a schedule for Rule 26(a)(2) (expert witness) disclosures.

(7)    Dispositive motions, if any, shall be filed no later than four weeks after completion of discovery; oppositions must be submitted within 20 days following the filing of a motion; replies are due 14 days thereafter;

(8)    In the event the case is not resolved by dispositive motions, a pretrial conference and trial date will be set after the Court has ruled on the dispositive motion(s), if any.

**IT IS SO ORDERED.**

\_\_\_\_\_ day of _____, 2008         _____
                                            Ellen S. Huvelle
                                            United States District Judge

Copies to:

Benjamin L. Zelenko, Esq.
Manuel S. Varela, Esq.
BAACH ROBINSON & LEWIS, PLLC
1201 F Street, N.W.
Suite 500
Washington, DC 20004

David F. Grimaldi, Esq.
MARTELL,    DONNELLY,    GRIMALDI    &
GALLAGHER
1900 I Street, N.W.
Suite 401
Washington, D.C. 20036