UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Lido Music, Inc.,** *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Case No. 1:08-cv-00506 (ESH) |
| | ) |
| **Guards, Inc. and** | ) |
| **Hossein Shirvani** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

### PLAINTIFFS' RULE 26(a) INITIAL DISCLOSURES

Pursuant to Fed. R. Civ. P. 26(a), plaintiffs Lido Music, Inc., et al. hereby provide their Initial Disclosures.

**Disclosure #1:** The name, address, and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

Kevin McDonough
1928 E. Highland, F104-132
Phoenix, AZ 85016
(602) 195-8801
Mr. McDonough witnessed and documented the copyright violations alleged in plaintiffs' complaint.

Douglas Jones
American Society of Composers, Authors and Publishers
2600 Cumberland Parkway
Suite 490
Atlanta, GA 30339
(770) 805-3400
Mr. Jones will testify as to ASCAP's repeated attempts to inform the defendants as to the need for a music performers' license and to provide them with the ASCAP general license.

Hossein Shirvani
2915 M Street, NW

1

Washington, DC 20007
(202) 965-2350
Mr. Shirvani is one of the defendants.

**Disclosure #2**: **A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

Plaintiffs have already provided to Defendants a copy of an ASCAP investigator's report and notes. Plaintiffs also possess correspondence, unexecuted ASCAP licenses and other documents memorializing ASCAP's efforts over several years to have defendants execute ASCAP licenses for the performance of music at its premises. The documents are in the possession of plaintiffs' counsel.

**Disclosure #3**: **A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

Damages claimed by plaintiffs are sanctioned under the Copyright Act, as amended, 17 U.S.C. §§ 502, 504, and 505 (1976) and include: (1) an injunction prohibiting further infringing performances of any copyrighted musical compositions in the ASCAP repertory; (2) statutory damages in the amount of not less than $750 or more than $30,000 in each cause of action; and (3) costs, including reasonable attorneys' fees.

**Disclosure #4**: **Available for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

N/A

3

        Respectfully submitted,


        <u>/s/ Manuel S. Varela</u>
        Benjamin L. Zelenko, #154088
        Manuel S. Varela, #461331
        Baach Robinson & Lewis PLLC
        Suite 500
        1201 F Street, NW
        Washington, DC  20004
        Telephone: (202) 833-8900
        Facsimile: (202) 466-5738

        Counsel for Plaintiffs

Dated:      June 10, 2008

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Plaintiffs' Rule 26(a) Initial Disclosures to be served this 10th day of June 2008, via first class mail, to the following counsel of record:

> David F. Grimaldi, Esq.
> MARTELL, DONNELLY, GRIMALDI & GALLAGHER
> 1900 I Street, N.W.
> Suite 401
> Washington, D.C. 20036
>
> Attorney for Defendants

    /s/ Manuel S. Varela
Manuel S. Varela